**Santiago FERRER, Plaintiff–
Appellant,**

v.

**Gless S. GOORD, Commissioner, NYS-
DOCS, Charles Greiner, Superinten-
dant, Kotecha Narendram, Doctor,
Lester Wrights, Assoc. Commission-
er/Chief Medical Officer, Defendants–
Appellees.**

**Docket No. 01–0283.**

United States Court of Appeals,
Second Circuit.

Aug. 20, 2002.

Santiago Ferrer, pro se, Stormville, NY,
for Appellant.

Marion R. Buchbinder, New York, N.Y.
(Eliot Spitzer, Attorney General of the
State of New York, Bruce A. Brown and
John E. Knudsen on the brief), for Appel-
lees.

Robert J. Betz, Mineola, N.Y. (Bartlett,
McDonough, Bastone & Monaghan), for
Appellee, Narenda M. Kotecha, M.D.,
s/h/a Kotecha Narendram.

PRESENT: JACOBS, CABRANES and
F.I. PARKER.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the judgment of the
district court be AFFIRMED.

Santiago Ferrer ("Ferrer") appeals, *pro
se,* from the judgment of the United States
District Court for the Southern District of
New York (Pauley, J.), dismissing his
claim brought under 42 U.S.C. § 1983. In
his claim, Ferrer alleged that he was in-
jured by an unnecessary and improperly
performed medical procedure conducted
while he was in the Green Haven Correc-
tional Facility. The District Court dis-
missed Ferrer's claim without prejudice
for failure to exhaust administrative reme-
dies as required under the Prisoner Litiga-
tion Reform Act, 42 U.S.C. § 1997e(a).
The court's order was issued on Septem-
ber 6, 2001, based upon a decision ren-
dered on the record by Judge Pauley on
September 5, 2001.* *See Santiago Ferrer
v. Glenn S. Goord, Commissioner, NYS-
DOCS, et al.,* 01–CV–4171 (S.D.N.Y. Sept.
6, 2001).

The District Court cited a concession in
the complaint that Ferrer had failed to
exhaust administrative remedies, a fact
that Ferrer concedes again on appeal. Ac-
cordingly, we affirm for substantially the
reasons stated on the record by the Dis-
trict Court.

---

* The transcript of the reasons for the dismissal
included in the record on appeal is dated
December 5, 2001, rather than September 5,
2001. The court presumes this to be a typo-
graphical error.